IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN EINHAUS and : 
KAREN EINHAUS : 
    Plaintiffs : 
: CIVIL NO. 1:12-CV-2072
  v. : 
: 
FAWN TOWNSHIP, ROBERT : 
BROWN, and ROBERT LLOYD : 
    Defendants : 

*M E M O R A N D U M*

I. *Introduction*

    Plaintiffs, John and Karen Einhaus, filed this suit under 42 U.S.C. § 1983. Defendants are Fawn Township, Robert Brown, and Robert Lloyd. Defendant Lloyd is a Supervisor for the Township, and defendant Brown an equipment operator. Plaintiffs allege that the Township has repeatedly trespassed on their property and allowed others to do so as well. On one occasion, while defendant Brown was operating a loader/backhoe on Plaintiff's property, defendant Lloyd directed him to move the equipment toward John Einhaus, causing Plaintiff to fear for his life.

    Plaintiffs make three civil-rights claims, one for Plaintiff John Einhaus against defendants Brown and Lloyd for violation of his First, Fourth, and Fourteenth Amendment rights, one for both Plaintiffs against all Defendants for violation of their Fourteenth Amendment substantive due process right, and one for Karen Einhaus against defendants Brown and Lloyd for violation of her First, Fourth, and Fourteenth Amendment rights.

We are considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. Defendants argue: (1) we should decline to exercise jurisdiction over the case under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); (2) the claim against the Township fails because Plaintiffs have not sufficiently alleged a policy, practice or custom established by the Township that would make it liable for any civil-rights violations by the individual defendants; and (3) any claim for punitive damages against the Township must be dismissed as such damages are not recoverable against municipal defendants.

II. *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

-2-

1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

With these standards in mind, we set forth the background to this litigation, as Plaintiffs allege it.

III.   *Background*

Plaintiffs own real estate and fixtures situated at 688 Salt Lake Road, Fawn Grove, Pennsylvania. (Doc. 1, Compl. ¶ 7). This property lies on the Pennsylvania side of the Mason-Dixon Line. (*Id.* ¶ 8). Running along the Mason-Dixon Line, adjacent to Plaintiff's property, is a gravel and dirt road, its boundaries having been surveyed and known to all parties. (*Id.* ¶¶ 8-9). The Township, through its supervisors, repeatedly trespassed on Plaintiffs' property, directed the course of water discharge onto Plaintiff's property, and ignored Plaintiff's pleas that to correct the Township's knowing and intentional trespasses on their property. (*Id.* ¶ 30). These activities are alleged to be a policy of the Township. (*Id.*). The Township, its supervisors, and employees also for many years deferred to the trespasses of Maryland property owners upon Plaintiff's property. (*Id.* ¶ 10).

On the morning of June 21, 2011, defendants Lloyd and Brown arrived at Plaintiffs' property with construction equipment, including a loader/backhoe operated by defendant Brown. (*Id.* ¶ 13). Plaintiff John Einhaus observed Defendants digging up sod

from Plaintiffs' property adjacent to the road without any prior notice. (*Id.* ¶ 14-15). Einhaus entered his yard and began taking pictures of Defendants' activities. (*Id.* ¶¶ 16-17).

While Plaintiff was taking pictures, Brown, at the instruction of Defendant Lloyd, drove the loader toward Plaintiff John Einhaus at "considerable speed," stopping with the bucket a foot away from Plaintiff's chest and feet. (*Id.* ¶¶ 18-20). Defendant Brown's actions left Plaintiff John Einhaus "stupefied and frozen with fear." (*Id.* ¶ 21). Plaintiff Karen Einhaus observed the actions of defendants Brown and Lloyd toward her husband. (*Id.* ¶ 20).

In Count I of the complaint, John Einhaus makes a claim against defendants Brown and Lloyd for violation of his First, Fourth, and Fourteenth Amendments. He asserts he had a First Amendment right to photograph Lloyd's and Brown's activity on June 21, 2011, and that Brown's assault interfered with the exercise of that First Amendment right. The assault itself violated his Fourth and Fourteenth Amendment right to bodily integrity. In Count II, both Plaintiffs make a claim against all Defendants for a violation of their Fourteenth Amendment substantive due process rights against trespasses on their property, the carrying away of dirt and soil, and the altering and discharge and channeling of water. In Count III, plaintiff Karen Einhaus makes a claim against defendants Brown and Lloyd for violation of her First, Fourth, and Fourteenth Amendment rights arising from her observance of the assault on her

husband. Plaintiffs seek compensatory and punitive damages except that they claim no punitive damages against the Township.

IV. *Discussion*

    A. Younger *Abstention*

Defendants first move to dismiss the complaint by arguing that we should abstain from exercising our jurisdiction on the basis of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under *Younger*, a district court may abstain from adjudicating a case "when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Miller v. Mitchell*, 598 F.3d 139, 146 (3d Cir. 2010)(quoted case and internal quotations omitted). In support of this argument, Defendants assert that Plaintiffs already filed an action in the Court of Common Pleas of York County, Pennsylvania, based on the same dispute abut land rights as alleged here. Their brief presents a quote from the state-court complaint that appears to deal with the June 21, 2011, incident as it relates to the damage to Plaintiffs' property. Attached to the brief is what appears to be a docket sheet indicating that the Einhauses filed the suit against Fawn Township as a trespass action.

We decline to abstain. First, Defendants did not provide us with a copy of the state-court complaint, so we cannot tell exactly what claims are presented there. Second, we agree with Plaintiffs that only one of the three claims here, the one in Count II for trespasses on Plaintiffs' property, arguably interferes with the state-court action.

The other two deal with personal injuries to Plaintiffs arising from the alleged aggressive use of the loader/backhoe. Third, as Plaintiffs point out, *Younger* abstention typically applies when a state-court litigant turns to the federal court to restrain the state-court proceedings. *See Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011). In the instant case, Plaintiffs are not attempting to restrain the state-court proceedings, but instead are seeking relief from both courts, on different causes of action. In these circumstances, claim preclusion (res judicata) or issue preclusion (collateral estoppel) might apply, depending upon the resolution of the separate suits, but not *Younger* abstention.

### B. *Municipal Liability*

Defendants also move to dismiss by arguing Plaintiffs fail to sufficiently allege a municipal policy or custom that would justify imposition of liability on the Township.

"[T]here are two ways that a plaintiff can establish municipal liability under § 1983: policy or custom." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). Policy is established when it is shown that "a decision maker possessing final authority to establish municipal policy with respect to the action" has "issue[d] an official proclamation, policy, or edict." *Id.* (quoted case, internal quotation marks, and internal brackets omitted). A custom is established when, in the absence of a formal policy, it can be shown "that a given course of conduct . . . is so well settled and permanent as virtually to constitute law." *Id.* at 156 (internal quotation marks and quoted case omitted).

Custom is usually established by knowledge and acquiescence, *id.*, that is, knowledge by the policymaker of an unconstitutional practice by lower level employees and acquiescence in that practice. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996)(custom is established by policymakers being "aware of similar unlawful conduct in the past, but fail[ing] to take precautions against future violations") (quoted case omitted). In either case, the "'plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.'" *Watson*, *supra*, 478 F.3d at 156. A plaintiff must also prove that the policy or custom was the proximate cause of the injury. *Id.*

We need only deal with Count II, as that is the only count where the Township is named as a defendant. Plaintiffs have not adequately alleged the existence of any policy or custom in regard to the repeated trespasses onto their property by the Township or the Maryland neighbors. Their allegations are totally conclusory in this regard. Count II will therefore be dismissed as against the Township. However, Plaintiffs will be granted leave to file an amended complaint to provide some factual specificity for the allegations of policy or custom on the part of the Township.

C. *Punitive Damages*

Defendants move to dismiss any claim for punitive damages against the Township because punitive damages are not permitted against a municipality in a civil-rights action. *See Smith v. Borough of Dunmore*, 633 F.3d 176, 183 (3d Cir. 2011). Plaintiffs concur that punitive damages are not permitted against municipal defendants in

section 1983 actions, and in fact point out that they are not making any such claim. We agree with Plaintiffs. Since they make no claim for punitive damages against the Township, there is no need to act on Defendant's motion in that regard.

We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: March 1, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN EINHAUS and : 
KAREN EINHAUS : 
    Plaintiffs : 
: CIVIL NO. 1:12-CV-02072
  v. : 
: 
FAWN TOWNSHIP, ROBERT : 
BROWN, and ROBERT LLOYD : 
    Defendants : 

*O R D E R*

    AND NOW, this 1st day of March, 2013, it is ORDERED that:

    1. Defendants' motion (Doc. 4) to dismiss the complaint is granted in part and denied in part as follows.

    2. Count II as against Fawn Township is DISMISSED but in all other respects the motion is DENIED.

    3. Within twenty-one days of the date of this order, Plaintiffs may file an amended complaint providing sufficient factual specificity in regard to a policy or custom on the part of the Township that may make it liable on Count II of the complaint.

                                /s/ William W. Caldwell
                                William W. Caldwell
                                United States District Judge